BENNETT PIANO CO. v. SCACE.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

1. PRINCIPAL AND AGENT (§ 23*)—EXISTENCE OF RELATION—EVIDENCE.

Evidence *held* to support a finding that a person collecting rent from defendant on a piano leased defendant by plaintiff was plaintiff's agent.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. § 23.*]

2. PRINCIPAL AND AGENT (§ 123*)—AUTHORITY OF AGENT—EVIDENCE.

Evidence *held* to support a finding that a person collecting rent from defendant on a piano leased defendant by plaintiff had authority to make collections for plaintiff.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 429; Dec. Dig. § 123.*]

3. PRINCIPAL AND AGENT (§ 38*) — REVOCATION OF AGENT'S AUTHORITY — KNOWLEDGE OF THIRD PERSON—EVIDENCE.

Evidence *held* to support a finding that defendant, when he paid rental on a piano leased from plaintiff to one who had been plaintiff's agent, had no knowledge of plaintiff's revocation of the agency.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 60; Dec. Dig. § 38.*]

Appeal from Schoharie County Court.

Action by the Bennett Piano Company against Roy Scace. Judgment for defendant, and plaintiff appeals. Affirmed.

Appeal by the plaintiff, the Bennett Piano Company, from a judgment of the County Court of Schoharie County, entered in the clerk's office of that county on the 31st day of October, 1908, affirming a judgment of a justice of the peace on a trial before a jury. The action is brought for the conversion of a piano leased to the defendant by the plaintiff under a written lease providing that the defendant should have the piano for the term of 30 months from the 15th day of April, 1907, at a rental of $300 for the full term, payable in installments of $10 a month, with $10 down, and that interest should be paid quarterly on the balance remaining unpaid, and providing that, when

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the full amount of rent and interest was paid, the piano company should give to the defendant a bill of sale thereof. The lease was made on behalf of plaintiff by one Church. The defendant was given a duplicate of the lease, except that on such duplicate there was inserted the words "Scace can pay more at any time." At the time of the execution of the lease the defendant paid $10 on account thereof to Church. Several payments were thereafter made by the defendant to Church, and several to one Knapton, the manager of the plaintiff, under whom Church was employed. It was claimed on the trial that the plaintiff through Knapton had revoked the authority of Church to collect. The defendant denied this, and denied that he had any knowledge of any such revocation. Church on October 8, 1907, collected $215 from the defendant, making $285 all told paid by him, and made a settlement with him by deducting about $22 of the amount remaining unpaid on the lease, and gave him a bill of sale of the piano. Church failed to pay the ·$215 over to the plaintiff, and this action followed. The jury on the trial in, the Justice's Court brought in a verdict of no cause of action, and the judgment on this verdict has been affirmed by the County Court, and from such affirmance this appeal is taken.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Albert Baker, for appellant.
S. E. Tennant, for respondent.

CHESTER, J. The testimony of Knapton, the plaintiff's manager, showed that Church was employed by him as agent, and had authority to sell pianos for the plaintiff as well as authority to enter into a written contract for their sale, and that, under his employment, he was authorized to make duplicate contracts, giving one to the purchaser and the other to the plaintiff. It is clear that he was also authorized to make collections. This was recognized by Knapton when he gave the defendant receipts for several installments of $10, each paid to Church by the defendant, the receipts for which the latter claimed to have lost. It was also recognized in the proof offered by the plaintiff tending to show the revocation of such authority. If the authority did not exist, there was no need of revocation. The evidence as to whether or not the agency of Church to make collections had been revoked and as to whether or not the defendant had knowledge of such revocation was conflicting, but outside of the conflict between the testimony of the defendant and Knapton there was proof that Church sold a piano for the plaintiff on October 16, 1907, and collected the money therefor. This was after the bill of sale was given by him to the defendant, and the testimony was in no way disputed or explained by the plaintiff. There was ample testimony to sustain the verdict of the jury in favor of the defendant's contention with respect to the absence of knowledge on his part of the alleged revocation of the authority to collect.

The defendant urges that Church, not having the lease in his possession at the time he collected the money, had therefore no right to make such collection; but the question here does not turn upon the possession of the lease, but upon the authority which the plaintiff had given to Church as its agent. He had in the usual course of business given the defendant a duplicate of the lease, and Knapton had in-

dorsed upon this duplicate a payment of rent made to him by the defendant. Knapton had also recognized Church's authority to make collections by giving the defendant receipts for moneys collected by Church. The jury determined the disputed questions of fact in favor of the defendant's contention on sufficient evidence. It was thus established that Church was the agent of the plaintiff, that he had the right to make collections, and that the defendant had no knowledge of the plaintiff's revocation of the agency at the time the payment of $215 was made and the bill of sale given. .

These facts being established, there was nothing due the plaintiff on the piano at the time of the commencement of the action, even though it should be conceded that Church had no authority to make any deduction from the contract price when he gave the bill of sale to the defendant.

For these reasons, the judgment should be affirmed, with costs. All concur.